T.C. Memo. 1997-164


UNITED STATES TAX COURT


JOSE M. VIDAURRE AND ANA MARIA VIDAURRE, Petitioners v.
COMMISSIONER OF THE INTERNAL REVENUE, Respondent


Docket No. 881-95.                          Filed April 1, 1997.


Jose M. Vidaurre and Ana Maria Vidaurre, pro sese.

Ladd C. Brown, Jr., for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, Judge:    Respondent determined deficiencies in,
additions to, and penalties on petitioners' 1990 and 1991 Federal
income tax as follows:

|  |  | Additions to Tax and Penalties | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662(a) |
| 1990 | $132,949 | $33,238 | $26,590 |
| 1991 | $154,293 | $38,574 | 30,859 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All dollar amounts are rounded to the nearest dollar, unless otherwise indicated. After concessions,[1] three issues remain regarding petitioners' tax liability for 1990: (1) Whether petitioners failed to report gain from the sale of property, (2) whether petitioners are subject to an addition to tax under section 6651(a)(1) for failure to timely file, and (3) whether petitioners are subject to an accuracy-related penalty under section 6662(a). We hold for respondent on all three issues.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and accompanying exhibits are incorporated

---

[1] For 1990, respondent concedes that petitioners did not receive income of $376,733, and that petitioners are not subject to a self-employment tax of $7,849. Respondent further concedes that petitioners incurred expenses of $12,395 attributable to the sale of their Fort Lauderdale property, and that their basis in such property is increased by $575.

For 1990, petitioners concede they are not entitled to deduct compensation expense of $4,800, employment tax of $659, or one-half of the self-employment tax of $3,134.

For 1991, respondent concedes that petitioners did not receive income of $502,142, that petitioners are entitled to a deduction for personal exemptions of $4,300, and that they are not subject to a self-employment tax of $10,247. Respondent further concedes that there is no deficiency in income tax due from petitioners for 1991, and that petitioners are not subject to the addition to tax under sec. 6651(a)(1), nor a penalty under sec. 6662(a) for that year.

For 1991, petitioners concede they are not entitled to deduct compensation expense of $9,200, employment tax of $1,298, or one-half of the self-employment tax of $3,968, and that no overpayment is due them for that year.

into our findings by this reference.  At the time the petition in this case was filed, petitioners resided in Miami, Florida. Petitioners are married and filed a joint return for the years at issue.

Petitioners purchased a parcel of land at 14321 S.W. 47th Court, Fort Lauderdale, Florida (the land), on July 20, 1983, for $50,000.  Petitioners began building a house on the land in 1987. Lacking sufficient funds to continue construction beyond the completed foundation, petitioners sold the land on March 21, 1990, for $142,500.[2]  Petitioners are over 55 years of age and did not live on the Fort Lauderdale land at any time.  The parties stipulated that petitioners incurred selling expenses of $12,395; therefore, the amount realized on the sale was $130,105 ($142,500 less $12,395 = $130,105).  Respondent concedes that $575 should be added to the property's basis, increasing petitioners' adjusted basis in the property to $50,575 ($50,000 plus $575 = 50,575).  Thus, the gain on the sale of the land was $79,530 ($130,105 less $50,575).

---

[2]  Petitioners claim that they spent between $25,000 and $30,000 to build a foundation on the land.  Petitioners also claim they expended $3,000 for clearing the land and $2,000 in the construction of a fence.  Ordinarily, the cost of such improvements would be added to the basis of the land.  See sec. 1.1016-2(a), Income Tax Regs.  However, taxpayers have the burden of proving the cost of such improvements.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); Welch v. Helvering, 290 U.S. 111 (1933).  While petitioners presented two invoices totaling $575, they failed to substantiate by receipts, invoices, canceled checks, or otherwise, that they made any expenditures in addition to the $575.

Petitioners did not report any gain from the sale of the land on their 1990 joint Federal income tax return. Petitioners' 1990 return was prepared by their accountant, Ms. Georgina M. Alcover, and filed on November 21, 1991, 7 months after the April 15 deadline.

In making the decision to exclude the gain from the sale of the land on their 1990 Federal Income tax return, petitioners relied upon a paragraph of a brochure prepared by Century 21, which stated that a person over the age of 55 could "keep all of the proceeds on the sale of his or her property" to use during retirement.[3] The article, which was entitled "Tax Advantages for Homeowners", dealt entirely with the sale of homes used as primary residences.

## OPINION

Respondent determined that petitioners are required to recognize gain on the sale of the Fort Lauderdale property under the general rule of section 1001(c). Petitioners assert that the gain is not taxable because of either the deferral provisions under section 1034(a) or the one-time exclusion of section 121(a). The Commissioner's determinations in a notice of deficiency generally are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.

---

[3] Century 21 is a realty corporation. Its February 1990 issue of The Prospector News contained an article entitled "Tax Advantages for Homeowners".

Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Feldman v. Commissioner, 20 F.3d 1128, 1132 (11th Cir. 1994).

## Issue 1. Whether Petitioners Failed To Report Gain From the Sale of Property

Under section 1001(c), a taxpayer must generally recognize all gain or loss realized upon the sale or exchange of property.

An exception to section 1001(c) is section 1034(a),[4] which allows a taxpayer to defer a gain when proceeds of a property sale are rolled over into a new principal residence. However, section 1034(a) further provides that the property sold must be the taxpayer's principal residence. Petitioners' Fort Lauderdale property contained only a foundation and never served as petitioners' principal residence.

Section 121 permits taxpayers over the age of 55 to exclude from gross income gain from the sale of property (not to exceed $125,000) which has been their principal residence for 3 of the 5 years prior to sale. Sec. 121(a) and (b). While petitioners are

---

[4] Sec. 1034(a) provides, in pertinent part, as follows:

> (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.

over the age of 55, the property was not their principal residence; petitioners are thus ineligible for the section 121

exclusion[5] and must recognize their gain.

Issue 2.  Addition to Tax Under Section 6651(a)(1)

Respondent determined that petitioners are liable for an addition to tax under section 6651(a)(1).  Section 6651(a)(1) provides for an addition to tax for failure to timely file.  However, the addition is not applicable if "it is shown that such failure is due to reasonable cause and not due to willful neglect."  Sec. 6651(a)(1).  Petitioners have the burden of proving such failure was due to reasonable cause.  Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).  The amount of the addition is 5 percent for each month or fraction of a month for which the return is delinquent, not to exceed 25 percent in the aggregate.  Sec. 6651(a)(1).  Calendar year individual taxpayers must file their Federal income tax return by April 15,

---

[5]  Sec. 121(a) provides, in pertinent part, as follows:

>    (a) General Rule--At the election of the taxpayer, gross income does not include gain from the sale or exchange of property if--
>
>        (1) the taxpayer has attained the age of 55 before the date of such sale or exchange, and
>
>        (2) during the 5-year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as his principal residence for periods aggregating 3 years or more.

following the close of the calendar year.  Sec. 6072(a).

Petitioners did not file their 1990 tax return until November 21,

1991.  They offered no explanation for their lateness.  We

therefore hold that petitioners' failure to timely file was not

due to reasonable cause.  Thus, petitioners are liable for the

addition to tax under section 6651(a)(1).

Issue 3.  Accuracy-Related Penalty, Section 6662(a)

Respondent determined that petitioners are subject to an

accuracy-related penalty under section 6662(a) for a substantial

understatement of tax.  Sec. 6662(b)(2).  The deficiency here

determined is a substantial understatement.  See sec.

6662(d)(1).[6]

Section 6664(c)(1), however, provides that the penalty under

section 6662(a) shall not apply to any portion of an underpayment

if it is shown that there was reasonable cause for the taxpayers'

position with respect to that portion and that the taxpayers

acted in good faith with respect to that portion.  The

determination of whether petitioners acted with reasonable cause

and in good faith depends upon the pertinent facts and

circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most

important factor is the extent of the taxpayers' efforts to

assess their proper tax liability for the year.  Id.

---

[6]  Respondent states on brief that petitioners were also
negligent.  However, because we find petitioners liable for the
accuracy-related penalty due to their substantial understatement
of income tax, we need not address the negligence issue.

Petitioners reported no gain from the sale on their Fort Lauderdale property on their 1990 return. They assert that they believed they were entitled to the benefits of sections 121 and 1034. However, petitioners' sole basis for believing their gain was nontaxable was a single paragraph contained in a homeowners' brochure. Their reliance upon the single paragraph was unreasonable. They disregarded the rest of the article, which discussed the qualifications for obtaining nonrecognition treatment of gain on home sales. Petitioners clearly took the paragraph out of context and presented no further evidence to justify their belief.

Based on the record as a whole, we conclude that petitioners have not carried their burden of proving that they acted with reasonable cause. We hold that petitioners are liable for the accuracy-related penalty under section 6662(a).

To reflect the foregoing and respondent's concessions,

Decision will be entered
under Rule 155.